# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 9, 2014

## STATE OF TENNESSEE v. ANDREA KELLY JONES

**Appeal from the Criminal Court for Dekalb County**
**No. 2012-CR-156      David Patterson, Judge**

---

**No. M2013-02720-CCA-R3-CD - Filed October 3, 2014**

---

The defendant, Andrea Kelly Jones, appeals her Class D felony, guilty-pleaded convictions of two counts of vehicular assault entered by the Dekalb County Criminal Court. The trial court ordered that the agreed four-year sentence be served in the Tennessee Department of Correction. On appeal, the defendant challenges the trial court's denial of a sentencing alternative to incarceration. We affirm the manner of service of the sentences imposed by the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Allison Rasbury West, Assistant District Public Defender, for the appellant, Andrea Kelly Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Randall A. York, District Attorney General; and Greg Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The plea agreement submitted by the parties provided that the defendant would plead guilty to two counts of Class D felony vehicular assault in exchange for Range I sentences of four years to be served concurrently, with the manner of service to be determined by the trial court. The court accepted the plea and conducted a sentencing hearing.

In the hearing, the State announced its reliance upon the presentence report,

which stated that, on July 1, 2011, the 37-year-old defendant, while under the influence of drugs, drove her vehicle into the opposing lane of travel and collided with the victims' vehicle. Both victims sustained bodily injuries as a result of the collision.

The report showed that the defendant's prior criminal record included the following convictions: driving under the influence (DUI) of an intoxicant, 2011; public intoxication, 2009; shoplifting, 2009; unlawful use of a driver's license, 2009; possession of drug paraphernalia, 2005; possession of marijuana, 2004; possession of drug paraphernalia, 2003; and manufacturing a controlled substance, 2003. The report also indicated two prior probation revocations.

In the hearing, the defendant offered the following allocution:

I do have two small children. I am working. Since this happened I have not gotten in any trouble or done anything. I am continuing to be productive and I just ask that, that I continue my working, continue raising my children, that I be placed on probation.

I was on prescribed medication for seven years for a car accident that I had had, broke my back and neck. And I am taking steps to where I'm no longer going to be on that medication, so I do not have to, that will not affect my . . . future. It's going to be something that I'm no longer going to [do]. I did take an A&D assessment course on my own and passed that.

After the argument of counsel, the trial court explained the sentencing factors it had considered, including the defendant's amenability to correction, the likelihood of re-offending, the circumstances of the offenses, the defendant's social history and her physical and mental health, and the issue of deterrence. The trial judge opined that the defendant was "over-medicated" with prescription drugs at the time of the current offenses. The court noted that the defendant had a history of drug-related offenses. Significantly in the court's view, the defendant was on probation for a 2011 DUI conviction when she committed the vehicular assaults under review. The court also noted at least one prior probation revocation. The trial court expressed its view that the defendant's record indicated the likelihood of her re-offending and that incarceration was the proper sentence. Accordingly, the court ordered the defendant to serve a four-year effective sentence in confinement.

On appeal, the defendant challenges this ruling and posits that she should have

been awarded a sentencing alternative to incarceration.

Our supreme court has adopted an abuse of discretion standard of review for sentencing and has prescribed "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The application of the purposes and principles of sentencing involves a consideration of "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). Trial courts are "required under the 2005 amendments to 'place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing.'" *Bise* at 706 n.41 (citing T.C.A. § 40-35-210(e)). The abuse-of-discretion standard of review and the presumption of reasonableness applies to "questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

In the present case, the trial court denied alternative sentencing based upon the defendant's extensive criminal history and the likelihood of her re-offending – bases that are grounded in statutory factors for incarceration. Confinement may be imposed when it "is necessary to protect society by restraining a defendant who has a long history of criminal conduct" or when "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1)(A), (C). Thus, the record supports the trial court's manner-of-service determinations.

Accordingly, the judgments of the trial court are affirmed.

JAMES CURWOOD WITT, JR., JUDGE